NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0244n.06

No. 10-4222

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 18, 2011
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff-Appellee )     ON APPEAL FROM THE
                           )     UNITED STATES DISTRICT
     v.                    )     COURT FOR THE NORTHERN
                           )     DISTRICT OF OHIO
ELAINE PRITCHETT,          )
                           )
        Defendant-Appellant. )
                           )

BEFORE: NORRIS, ROGERS, GRIFFIN, Circuit Judges.

**ROGERS, Circuit Judge.** Defendant-Appellant Elaine Pritchett challenges her ten-month within-Guidelines sentence for probation violations. Pritchett argues that the district court erred in considering her ability to receive drug treatment in prison in determining her sentence, as there was no proof or guarantee that she would actually receive treatment. But Pritchett did not introduce any evidence of her inability to receive drug treatment to the district court and she has not shown that she definitely cannot receive treatment. Her sentence was therefore reasonable.

In February 2008, after having pleaded guilty to one count of theft of public money, a class C felony and violation of 18 U.S.C. § 641, Pritchett was sentenced to three years' probation and ordered to pay $39,388 in restitution. In September 2010, Pritchett's probation officer submitted a report to the district court, detailing five probation violations, including (1) failure to comply with supervision directives for not submitting to drug testing during a probation office visit and not

returning later for testing; (2) failure to submit to drug testing for not showing up to weekly code-a-phone urine screens during the months of July and August 2010; (3) failure to complete an intensive outpatient drug treatment program; (4) failure to complete residential drug treatment with respect to two different programs; and (5) unauthorized drug use for testing positive for opiates on three different occasions.

The district court held a hearing to sentence Pritchett for these probation violations on September 30, 2010. Pritchett admitted the probation violations, and waived her right to a hearing on the violations. However, Pritchett did seek leniency in sentencing for these violations by alleging certain mitigating factors. First, in regard to her failure to submit to drug testing, Pritchett claimed that she was unaware of when her number showed up and thus unable to report for testing. Second, Pritchett claimed that she believed she did complete her intensive outpatient treatment. Third, Pritchett contended that the positive drug tests resulted from her use of pain medication for which she had a prescription. Fourth, Pritchett alleged that she was concerned about her own medical condition, as she had recently received a CAT scan that showed dark spots on her lungs, which she assumed meant a recurrence of her lung cancer. Finally, Pritchett indicated the she had a thirteen-year-old son and twenty-two-year-old disabled daughter for whom she needed to provide care.

Because of Pritchett's history of drug use and the likelihood of her reverting to drug use, the district court sentenced her to ten months' imprisonment, which was at the top end of the four-to-ten-months Guidelines range. In its sentencing order, the district court explained that it had "considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3) . . .[,] the advisory

policy statements set forth in Chapter Seven of the United States Sentencing Guidelines . . .[, and] the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d)." In addition, the district court noted that 18 U.S.C. § 3583(d) "provides that 'the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception [from the revocation of probation and imposition of a term of imprisonment]." Pritchett now appeals her sentence.

Pritchett's ten-month sentence was reasonable. "[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). Because the district court did not give Pritchett the opportunity to object to her sentence when it was announced, we apply an abuse-of-discretion standard rather than plain-error review. *United States v. Novales*, 589 F.3d 310, 313-14 (6th Cir. 2009); *United States v. McDougal*, 368 F. App'x 648, 655 (6th Cir. 2010). Reviewing the reasonableness of a sentence involves both a substantive and procedural component, but Pritchett's sentence is both substantively and procedurally reasonable.

Pritchett's sentence was procedurally reasonable. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. Pritchett claims that her sentence was procedurally unreasonable because "the district court relied on an erroneous fact (that drug treatment

would be available to Pritchett) in determining the length of the sentence imposed." In making this argument, Pritchett relies on this court's decision in *United States v. Tristan-Madrigal*, 601 F.3d 629 (6th Cir. 2010), but that case is based on an analysis of a sentence's substantive reasonableness and not its procedural reasonableness. *Id.* at 637-38. Pritchett makes no other claims of procedural error in her sentencing. Thus, Pritchett's sentence was procedurally reasonable.

Pritchett's reliance on *Tristan-Madrigal* could be viewed as an argument that her sentence is substantively unreasonable, but her sentence was substantively reasonable. In reviewing a sentence for substantive reasonableness, we must "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "If the sentence is within the Guidelines range, the appellate court may . . . apply a presumption of reasonableness." *Id.* The Guidelines range for Pritchett's probation violations was four-to-ten months' imprisonment. U.S.S.G. § 7B1.4(a) (applying grade C violation and criminal history category of II); *see also* U.S.S.G. §§ 7B1.1, 7B1.3. Thus, Pritchett's sentence of ten months was within the Guidelines range and presumptively reasonable.

This court's decision in *Tristan-Madrigal* does nothing to rebut this presumption of substantive reasonableness. In that case the petitioner "claim[ed] that the district court unreasonably relied on his need for substance-abuse treatment and vocational training in selecting his thirty-six month sentence because he . . . [was] ineligible for the Bureau of Prisons ("BOP") programs." *Tristan-Madrigal*, 601 F.3d 636. We acknowledged that "[i]f the district court believed that [the petitioner] would be eligible for drug-treatment, despite evidence to the contrary, and relied on this factor when choosing his sentence, then a remand to the district court for resentencing would be

warranted." *Id.* at 637. In dictum, we accepted that this would be substantively unreasonable as it would give "unreasonable weight to [a] factor by failing to examine the full spectrum of information on the record before it relating to that factor." *Id.* at 638 (quoting *United States v. Hughes*, 283 F. App'x 345, 351 (6th Cir. 2008)) (internal quotation marks omitted) . However, that was not the scenario in *Tristan-Madrigal* and that is not the scenario here. Instead, in *Tristan-Madrigal*, we explained that (1) the petitioner had "provided us with no evidence that he presented the district court with information at sentencing regarding the availability of BOP programming;" (2) the district court had not relied "on the availability of one particular form of treatment or training that [the petitioner] ha[d] shown [was] actually unavailable;" and (3) "the BOP regulations indicate[d] that [the petitioner] may, in fact, [have been] eligible for at least one BOP drug-treatment program." *Id.* Thus, we could not find the petitioner's sentence substantively unreasonable.

Much like the petitioner in *Tristan-Madrigal*, Pritchett presented no evidence to the district court in regard to the availability of drug treatment, the district court did not rely on any specific form of treatment that Pritchett could receive, and Pritchett has not definitively shown that she is unable to receive drug treatment. At her probation revocation hearing, Pritchett presented only the mitigating evidence previously described—she never attempted to place before the district court, either before or after this hearing, evidence that she will not be able to receive treatment. Moreover, at that hearing, the district court stated that "a substantial sentence is appropriate so [Pritchett] can best receive drug treatment within prison, a lengthy prison term where [she] will be given the maximum benefit of a drug treatment program." The district court did not rely on the availability

of any one specific program over another. We acknowledged in *Tristan-Madrigal* that the Bureau of Prisons offers a variety of drug-treatment programs, and it is not clear that Pritchett is unable to receive assistance from any of them. *See id.*; 28 C.F.R. § 550.50-.53. In fact, Pritchett's brief to this court only equivocally asserts that she will be unable to obtain treatment during her time in prison, stating that "[a]lthough she is at Alderson camp, which has a non residential drug abuse program, there is a waiting list, and therefore, there is no guarantee she will be able to participate in the 3-4 month program by her out date." Pritchett has not demonstrated that the district court improperly weighed the ability for Pritchett to receive drug treatment in sentencing her to ten months' imprisonment, and thus her sentence is substantively reasonable.

For these reasons, we affirm Pritchett's ten-month sentence.