NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0205n.06

No. 11-1090

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT |
| v. | ) | FOR THE WESTERN DISTRICT |
| | ) | OF MICHIGAN |
| ELMER PORRAS-CHINCHILLA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  MERRITT, ROGERS, Circuit Judges; and POLSTER, District Judge.[*]

**Dan Aaron Polster, District Judge.**  Elmer Porras-Chinchilla challenges the reasonableness of the within-guidelines prison sentence of 54 months that the district court imposed following his plea of guilty to unlawful reentry of a deported alien after removal for an aggravated felony.  Because the district court's sentence was procedurally and substantively reasonable, we affirm.

**I.**

Elmer Porras-Chinchilla is a citizen of Guatemala without legal status in the United States.  He first illegally entered the United States in December 1989 and traveled to Los Angeles, California.  In May 1991, he was convicted of robbery in the first degree and attempted forcible rape,

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

for which he was sentenced to consecutive four-year prison terms on each count. In September 1995, however, he was released from custody and deported to Guatemala.

In November 1996, Porras-Chinchilla unlawfully reentered the United States and traveled to Maine. In May 1997, he was convicted, in the U.S. District Court for Maine, of reentry of a deported alien subsequent to an aggravated felony conviction. At the sentencing hearing, Porras-Chinchilla claimed that he entered the United States to be with his father who Porras-Chinchilla thought was dying. The court sentenced him to 46 months in prison. In June 2000, he was released and again deported to Guatemala.

Porras-Chinchilla reentered the U.S. illegally a third time in 2004, at San Diego, California, and made his way to Grand Rapids, Michigan, by 2006. On August 4, 2010, Porras-Chinchilla was arrested in Kent County, Michigan, for a traffic offense. He identified himself to the arresting officer as Jose Caballero-Martinez, and told the officer he had never been in jail before. His true identity was not determined until he was fingerprinted at the county jail. Immigration and Customs Enforcement officials were thereafter contacted, established his identity, and took him into federal custody on August 12, 2010.

On October 12, 2010, Porras-Chinchilla entered a plea of guilty to reentry of a deported alien after removal for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The presentence investigation report ("PSIR") calculated his sentencing guidelines range as 46 to 57 months based upon a total offense level of 21 and a criminal history category of III. Neither party objected to the guidelines calculation in the PSIR.

Prior to sentencing, Porras-Chinchilla filed a motion for a downward variance. Therein, he pointed out that he came from very humble beginnings, his parents abandoned him and his siblings

and he had to leave school after fifth grade to support his siblings. He asserted that he came to the United States this most recent time because of his desire to support his family, and that he stayed longer than intended due to his youngest daughter's heart condition. In seeking leniency, he argued that his criminal history score overstated the seriousness of his criminal background. Specifically, he noted that the three criminal history points attributable to his 1991 felonies were just two months short of being excluded in calculating his criminal history category. He pointed out his positive attributes, supported by letters from his community, demonstrating his personal rehabilitation from committing violent crimes as a youth, and his record of maintaining employment and supporting his family since then. He maintained that he learned his lesson and was not likely to return to the United States again.

At the sentencing hearing, Porras-Chinchilla's counsel stated that Porras-Chinchilla came to the United States the first time to survive the political unrest and economy of Guatemala, and that he got caught up with the wrong crowd when he committed the violent 1991 felonies. Counsel asked the court to consider the amount of time that had elapsed since then and the fact that Porras-Chinchilla had turned himself around, becoming the sole support of his family. Counsel asked the court to allow Porras-Chinchilla to return to Guatemala as soon as possible so that he could reunite with his wife and son, and use the skills in Guatemala that he developed here in the United States. Counsel reported that Porras-Chinchilla planned to leave his youngest daughter with his mother, a U.S. citizen living in California, since the daughter could not have the needed heart surgery until she reached a certain age. Counsel contended that Porras-Chinchilla had finally come to the realization that being in the United States was not an option, he was at peace with that realization, and he promised never to return to this country again.

3

The court responded, "Well, I appreciate the promise, but what is there in the history that would lead the Court to believe that he is going to follow through with that, especially in light of the fact that his family is going to be here?" Sent. Hr'g Tr. 7-8.[1] Counsel repeated that, while his history suggested otherwise, Porras-Chinchilla now understood that he no longer had the option to return to the United States, and that another illegal reentry would be treated more severely. Furthermore, he had come to peace with the fact that his youngest daughter will live with her grandmother in California. The Court pointed out that Porras-Chinchilla had returned to the U.S. in 2004 for family reasons and stated, "I'm looking for something that's different this time that I can place some modicum of trust in the notion that the defendant is not going to return." Id. 9. Porras-Chinchilla's counsel responded, "Your Honor, I honestly and truly believe what is different this time is the fact that he understands." Id. Porras-Chinchilla personally apologized, said he had learned from his mistakes, and asked for the court's forgiveness. Id. 10-11.

The court explained its duty to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The court acknowledged that the starting point for fashioning a sentence was the guidelines range. However, the court recognized that the guidelines are only advisory, the guidelines range is one of the array of factors warranting consideration, and the court must make an individualized assessment based on the facts presented. Sent. Hr'g Tr. 11-12. The court noted that it considered all of Porras-Chinchilla's arguments, including those presented in his motion for a downward variance. The court specifically mentioned Porras-Chinchilla's positive attributes supported by letters describing him as respectful of others, compassionate, and willing to support his family. The court noted that, if it were

---

[1]The citations are to the Transcript of the January 18, 2011 Sentencing Hearing, R. 26.

4

sentencing Porras-Chinchilla without the criminal history before it, a downward variance might be appropriate. Id. 12-13. With regard to the 1991 convictions, the court acknowledged that those crimes were committed when Porras-Chinchilla was a much younger man and that he had no history of committing violent crimes since then. However, the 1991 convictions were properly "within the four squares of the guideline," and the court saw no reason to depart due to the age of the convictions which were "very serious convictions indeed." Id. 13. The court was mindful of the fact that a federal judge in Maine sentenced Porras-Chinchilla to 46 months when he illegally returned to the U.S. in the mid-1990s. The court saw little reason to give Porras-Chinchilla a lighter sentence than the one imposed by the Maine judge "because we are back here again with the same behavior." Sent. Hr'g Tr. 14. The court was concerned that the circumstances attending his two latest illegal reentries were motivated by wanting to be with family – and the fact that his youngest daughter was going to remain in the United States provided temptation for him to return. The court observed that, when faced with the decision to return because of an ill family member, Porras-Chinchilla always made a bad choice and returned to the U.S. in utter disregard for the immigration laws of this country. Id. 14-15. The court mentioned that Porras-Chinchilla gave a false name to the officer who arrested him for the traffic offense, observing that people who use false names tend to shield themselves from apprehension by local authorities. Id. 15-18. Given all the factors discussed, the court determined that a sentence toward the middle of the guideline range was appropriate and sentenced Porras-Chinchilla to 54 months. The court asked Porras-Chinchilla if he had any legal objections to the sentence imposed, to which counsel responded, "No, your Honor." Id. The court then followed up: "Are you satisfied that I've addressed all of your arguments on the record," to which counsel responded, "Yes, your Honor." Id. Porras-Chinchilla now appeals his sentence.

5

## II.

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *United States v. Pritchett*, 419 F. App'x 652, 654 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). Reasonableness review involves both a procedural and substantive component. Procedural errors include failing to calculate or improperly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51. A sentence will be considered substantively unreasonable if the court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Conatser*, 514 F.3d 508, 519-20 (6th Cir. 2008). In reviewing a sentence for substantive reasonableness, we must "take into account the totality of the circumstances." *Id*. "If the sentence is within the Guidelines range, the appellate court may . . . apply a presumption of reasonableness." *Id*.

We generally review all sentences under an abuse of discretion standard. *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (citing *Gall*, 552 U.S. at 41 (inner quotation marks omitted)). However, "[w]here a party has failed to object to a procedural defect, we review claims of procedural unreasonableness for plain error." *Id*. (citing *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc)). To show plain error, a party must demonstrate an error that was

obvious or clear, affected his substantial rights, and affected the fairness, integrity, or public reputation of judicial proceedings. *Id*. (citing *Vonner*, 516 F.3d at 386).

Porras-Chinchilla argues that the sentencing court failed to adequately explain the sentence imposed and to sufficiently consider all of his reasons for granting a downward variance. Because defense counsel failed to raise any specific procedural objections to the announced sentence after being given an opportunity by the district court to do so, this argument is reviewed for plain error. *Id.* (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)). In addressing this argument, the crucial question is whether the record makes clear that the sentencing judge listened to the defendant's arguments, considered the supporting evidence, was fully aware of the defendant's circumstances, and took them into account when sentencing him. *Vonner*, 516 F.3d at 387. The record in this case demonstrates that the court considered all the reasons Porras-Chinchilla articulated for a downward variance including his family situation, his ties and responsibilities, his youngest daughter's heart condition, the fact that his first two felony convictions occurred long ago, and the fact that he had not been charged with any violent crime since then. Additionally, counsel for Porras-Chinchilla confirmed that the court addressed all of his arguments on the record. Finally, it is well settled that the sentencing court need not give the reason for rejecting any and all arguments articulated by a defendant seeking a downward variance. *Id*.

The record also makes clear that the court adequately explained the chosen sentence. While the court appreciated the fact that (save twice illegally reentering this country) Porras-Chinchilla appeared to have turned his life around, it was apparent that the motive for his two prior illegal reentries was to be with his family during difficult situations. Since his youngest daughter with heart problems would now be staying with his mother in California, the court saw no reason

to believe Porras-Chinchilla would not be tempted to return to this country to visit her. And since the previous 46-month sentence for illegally reentering this country obviously failed to deter him from illegally entering the country a third time, the court concluded that a sentence longer than 46 months was warranted. The court ultimately chose a 54-month sentence that was within the guideline range of 46 to 57 months. On this record, Porras-Chinchilla cannot show that the court committed a procedural error.

A sentence will be deemed substantively unreasonable if the court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *Conatser*, 514 F.3d at 519-20. A within-guidelines range sentence is accorded a presumption of reasonableness. *Vonner*, 516 F.3d at 389. Porras-Chinchilla argues that the sentencing court committed reversible error by using the 46-month sentenced imposed by the District Court in Maine in his prior illegal reentry case as an impenetrable "floor" below which the judge refused to go in imposing the current 54-month sentence. This argument is not borne out by the record. Among the factors to be considered in determining a reasonable sentence is the need for the sentence imposed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). In the course of discussing all of Porras-Chinchilla's arguments for a variance and the § 3553(a) factors, the court merely stated that it felt the need to "be mindful" of the fact that Porras-Chinchilla had already served a 46-month sentence for the exact same criminal conduct and that the 46-month sentence was plainly insufficient to deter him from committing the crime again. Sent. Hr'g Tr. 13.

Porras-Chinchilla also argues that it was error for the sentencing court to use the previous 46-month sentence as a floor since there is nothing in the record explaining why the district court in

Maine chose 46 months as an appropriate punishment, that sentence was imposed when the sentencing guidelines were mandatory, and it is impossible to determine what sentence the Maine court might have imposed if the guidelines had been advisory. Again, he misses the point. The 46-month sentence imposed on Porras-Chinchilla the last time he illegally reentered the United States, however it was derived and whatever it was based upon, was obviously not long enough to achieve the desired deterrent effect. And the record shows that the sentencing court was aware that the guideline range was advisory only and that it had the discretion to formulate an appropriate sentence.

Porras-Chinchilla asks this court to vacate his sentence and remand the case to the district court instructing it to decide his motion for a variance "without consideration of [his] prior record." Opening Br. at 18-19. Porras-Chinchilla cites no case law to support such a novel instruction. Moreover, we have held that it is not substantively unreasonable for a court to impose a lengthy sentence based upon one fact (e.g., the defendant's criminal history) where that fact bears upon more than one of the § 3353(a) factors. *U.S. v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010) (inner quotation marks omitted). Here, the court discussed Porras-Chinchilla's criminal history in relation to the seriousness of the offense, his recidivist tendencies and the need to deter him from illegally reentering the country yet another time, along with the need to promote respect for the immigration laws generally. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B).

Porras-Chinchilla has failed to show that the court selected his sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any one pertinent factor. In light of the presumption of reasonableness afforded a within-guidelines sentence, Porras-Chinchilla cannot show that the 54-month sentence imposed by the district court was substantively unreasonable.

**III.**

Because the district court's sentence is both procedurally and substantively reasonable, we **AFFIRM**.